Filed 11/18/21  P. v. Khau CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048366 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1920413, C1922313) |
| v. | |
| XUAN CHI KHAU, | |
| Defendant and Appellant. | |

Defendant Xuan Chi Khau pleaded no contest to possession of methamphetamine for sale, possession of cocaine base for sale, possession of a firearm by a felon, and assault with a deadly weapon and admitted an arming allegation in connection with one of the drug charges in exchange for a four-year prison sentence.  Consistent with the plea agreement, the trial court sentenced defendant to a four-year prison term.  On appeal, defendant's counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436. We sent a letter to defendant notifying him of his right to submit a written argument on his own behalf on appeal.  He has not done so.

Finding no arguable appellate issue, we affirm.

## I.     PROCEDURAL HISTORY[1]

In October 2019, a felony complaint was filed against defendant in Santa Clara County case No. C1920413. It alleged that defendant had committed possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1), possession of cocaine base for sale (*id*., § 11351.5; count 2), two counts of unlawful possession of controlled substances while armed with a loaded firearm (*id.*, § 11370.1, subd. (a); counts 3 & 4), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 5), and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 7).[2] As to counts 1 and 2, it was alleged that defendant was armed with a firearm within the meaning of section 12022, subdivision (a)(1).

In November 2019, a felony complaint was filed against defendant in Santa Clara County case No. C1922313, alleging that defendant had committed attempted murder (§§ 664/187, subd. (a); count 1), assault with a with a semiautomatic firearm (§ 245, subd. (b); count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3), and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 4). The complaint further alleged that defendant had personally used a firearm in the commission of counts 1 (§ 12022.53, subd. (b)) and 2 (§ 12022.5, subd. (a)).

On June 8, 2020, the People successfully moved to amend the felony complaint in case No. C1922313 to add a fifth count alleging assault with a deadly weapon (§ 245, subd. (a)(1)). Immediately thereafter, defendant pleaded no contest to counts 1 and 2 (possession of methamphetamine and cocaine base for sale) in case No. C1920413 and to counts 3 and 5 (possession of a firearm by a felon and assault with a deadly weapon) in case No. C1922313. He also admitted the allegation that he was armed with a firearm within the meaning of section 12022, subdivision (a)(1) during the commission of count 1

---

[1] No information regarding the facts of the offenses appears in the record.
[2] All further statutory references are to the Penal Code unless otherwise indicated.

in case No. C1920413. In exchange, the prosecutor agreed to a four-year prison term and to resolution of violations of probation and mandatory supervision in case Nos. C1514698 and C1902846.

On August 10, 2020, defendant admitted violating his probation in case No. C1902846 and to violating the terms of his mandatory supervision in case No. C1514698. The court revoked, reinstated, and terminated probation and mandatory supervision in those cases. The court proceeded to sentencing. In case No. C1922313, the court imposed the upper term of four years on count 5 (§ 245, subd. (a)(1)) and the upper term of three years on count 3 (§ 29800, subd. (a)(1)), to run concurrently. In case No. C1920413, the court imposed the upper term of four years on count 2 (Health & Saf. Code, § 11351.5) and the upper term of three years on count 1 (*id*., § 11378), to run concurrently. The court ordered the sentence in case No. C1920413 to run concurrently with the sentence in case No. C1922313 for an aggregate prison term of four years.

In each case, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)) with an additional $300 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45). The court stayed execution of the restitution fines and waived all remaining fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

In case No. C1922313, the court awarded defendant a total of 504 days of presentence credits, consisting of 252 days of actual custody and 252 days of conduct credits under section 4019. In case No. C1920413, the court awarded defendant a total of 573 days of presentence credits, consisting of 287 days of actual custody and 286 days of conduct credits under section 4019. The court dismissed all remaining counts and enhancements.

Defendant timely appealed in each case.

3

**II.      DISCUSSION**

Having examined the entire record, we conclude that there are no arguable issues on appeal.

**III.      DISPOSITION**

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

WILSON, J.



*People v. Khau*
H048366